IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| FARREN GALPIN, | ) | Cause No. CV 07-82-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On June 21, 2007, Petitioner Farren Galpin filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Galpin is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer,

motion, or other response or "to take other action the judge may order." Id.

## II. Background

A jury convicted Galpin in Montana's Twenty-First Judicial District Court, Ravalli County, on two counts of criminal production or manufacture of dangerous drugs, one count of possession of methamphetamine,[1] two counts of possession of precursor chemicals, and one count of criminal endangerment. Judgment was entered on January 3, 2001. See Pet. (doc. 1) at 2, ¶¶ 1-7; State v. Galpin ("Galpin I"), 80 P.3d 1207 ¶ 1 (Mont. 2003).

Galpin was sentenced to serve forty years in prison on all counts plus a consecutive ten-year term as a persistent felony offender, for a total term of fifty years, with twenty suspended. He applied for sentence review. On May 8, 2003, the Sentence Review Division of the Montana Supreme Court approved the sentence. See Galpin v. State ("Galpin II"), 138 P.3d 426 ¶¶ 4-5 (Mont. 2006) (unpublished mem.).

Galpin appealed his convictions. The Montana Supreme Court reversed Galpin's conviction for possession of methamphetamine for improper venue. See Galpin I, 80 P.3d at 1214 ¶ 33. Galpin challenged the sufficiency of the evidence to establish venue on some of the other charges, but the Montana Supreme Court affirmed those convictions. See id. ¶ 45. The court also held that "a rational trier of fact could have found . . . the requisite elements of criminal endangerment beyond a reasonable doubt." Id. ¶ 49. Finally, the court affirmed the trial court's denial of Galpin's motion to suppress. See id. ¶ 57. Its decision was issued on November 25, 2003, and rehearing was denied on December 18, 2003. See id. at 1207.

---

[1] One count of possession of methamphetamine was dismissed by the trial court. See Galpin I, 80 P.3d ¶ 19.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

On January 27, 2004, the trial court issued an Amended Judgment and Commitment, reflecting the Montana Supreme Court's reversal of his conviction for possession of methamphetamine. See Galpin II, 138 P.3d ¶ 5.

On March 23, 2004, Galpin filed a petition for postconviction relief in the trial court. See id. ¶ 6. The petition was denied. On appeal, Galpin asserted five claims of trial error, that is, that he was subjected to double jeopardy at sentencing, that the statutes under which he was convicted were unconstitutional, that the State did not properly apply the law, and that the jury viewed inadmissible evidence. He repeated his claim regarding his motion to suppress. See id. ¶¶ 6-8. He also argued that trial and appellate counsel were ineffective for failing to move for dismissal based on double jeopardy, speedy trial, and insufficient evidence of criminal endangerment, failing to object to the consecutive sentence imposed on Galpin as a persistent felony offender, and failing to object to communications between the trial court and the jury outside his presence. See id. ¶ 10.

On May 16, 2006, the Montana Supreme Court affirmed the trial court's denial of relief. It held that Galpin's claims of trial error were barred by Mont. Code Ann. § 46-21-105(2) because they could have been raised on direct appeal. It held that Galpin's claim regarding his motion to suppress was barred by *res judicata* because it had been rejected on direct appeal. Finally, the court found no support for Galpin's claims of ineffective assistance. See id. ¶¶ 7-8, 11-14.

At some point in 2006, Galpin filed a petition for writ of habeas corpus in the Montana Supreme Court. The writ was denied on June 21, 2006. See Galpin v. O'Fallon, No. OP 06-0339 (Mont. June 21, 2006) (unpublished table decision).

Galpin signed his federal habeas petition and deposited it in the prison mail system on June

17, 2007.  See Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

### III. Galpin's Allegations

In his petition in this Court, Galpin contends that his Fourteenth Amendment right to due process was violated because the trial court denied his motion to dismiss for improper venue (Claim 1) and his motion to suppress (Claim 2).  He also asserts a Fourth Amendment violation based on the denial of his motion to suppress (Claim 3).  See Pet. at 4-6, ¶¶ 15A-C.  He adds an allegation that his due process rights were violated because the jury was permitted to see inadmissible evidence (Claim 5).  Id. at 9, ¶ 15E.

Galpin also claims that the trial court violated his Fourteenth Amendment right to due process by charging him twice for the same conduct (Claim 6), by charging him "under a statute that did not apply" (Claim 7), and by convicting him of "multiple crimes instead of a lesser included offense" (Claim 8).  Id. at 8, ¶¶ 15F-H.

Finally, Galpin avers that he received ineffective assistance of counsel because his attorney "failed to ask for a dismissal of numerous charges" (Claim 4).  Id. at 6, ¶ 15D.

### IV. Analysis

Although some or all of Galpin's claims may be barred on procedural grounds, such as procedural default, it is clear that he is not entitled to relief on the merits of his claims.  Accordingly, it is more efficient to proceed to the merits.  See, e.g., 28 U.S.C. § 2254(b)(2).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Galpin may obtain relief if the state court's denial of his claims "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [its] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. In sum, a federal court sitting in habeas must be convinced that the state court's decision is "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's decision must be "objectively unreasonable." Id.

"When 'the requirement set forth in § 2254(d)(1) is satisfied, a federal court must then resolve the constitutional claim without the deference AEDPA otherwise requires.'" Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) (quoting Panetti v. Quarterman, __ U.S. __, 127 S. Ct. 2842, 2858 (2007)) (internal brackets omitted). In other words, even if he succeeds in showing that the state court's decision was objectively unreasonable, Galpin must go on to show that his federal constitutional rights were violated. Federal habeas jurisdiction lies only for petitioners who allege that they are "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a).

**A. Venue Claim**

There is no "clearly established Federal law" holding that the Sixth Amendment's guarantee of trial by a jury "of the State and district wherein the crime shall have been committed" applies to the States.[2] Proper venue is defined by state law. Habeas relief is not available for violations of state law.[3] See, e.g., Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Moreover, there was no violation of state law. The Montana Supreme Court is the highest authority in the land, bar none, on the interpretation and application of Montana law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993). It held that the evidence was sufficient to support venue in Ravalli County as to all but one count against Galpin. It reversed his conviction on that count. See Galpin I, 80 P.3d ¶ 33. Therefore, no federal right could have been violated based on venue. Claim 1 should be denied.

**B. Search-Related Claims**

"Where the State has provided an opportunity for full and fair litigation of a Fourth

---

[2] Where the impartiality of the jury venire is seriously compromised by pretrial publicity, the State must change the place of trial. See, e.g., Irvin v. Dowd, 366 U.S. 717 (1961). However, that rule springs from the requirement for an impartial jury, not from a federal venue rule. See also Epps v. State, 901 F.2d 1481, 1483 (8th Cir. 1990) ("we are unaware of any authority to support a conclusion that Epps's constitutional rights were . . . violated" by a venue transfer to a county with a small African-American population).

Article III, § 2, para. 3 of the United States Constitution requires that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." It applies only to the federal courts. See, e.g., Nashville, Chicago & St. Louis Ry. Co. v. Alabama, 128 U.S. 96, 101 (1888).

[3] Where a state court holds that state law was violated but denies relief, it is possible that a federal habeas petitioner might show a due process violation. See, e.g. Hicks v. Oklahoma, 447 U.S. 343, 345-46 (1979). Here, however, the Montana Supreme Court corrected the only error it found under state law by reversing Galpin's conviction on the second charge of possession of methamphetamine. See Galpin I, 80 P.3d ¶ 33. The due process clause does not support a petitioner's entitlement to federal relief for errors of state law.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see also Mapp v. Ohio, 367 U.S. 643 (1961). Galpin had a "full and fair opportunity" to litigate his search claim in the state courts. He does not claim that counsel was ineffective in any matter related to his motion to suppress. The Montana Supreme Court considered his claim at length and decided it against him. Stone precludes federal habeas relief on Claims 2, 3, and 5. They should be denied.

**C. Sentencing Claims**

There was no double jeopardy violation in the proceedings against Galpin. The double jeopardy clause of the Fifth Amendment applies to the States. See Benton v. Maryland, 395 U.S. 784 (1969). Blockburger v. United States, 284 U.S. 299 (1932), holds that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304. Possession of precursors requires the State to prove Galpin possessed precursor chemicals, manufacture requires the State to prove that Galpin manufactured dangerous drugs, and criminal endangerment requires the State to prove that Galpin endangered someone other than himself. None of these requirements are duplicated in the other offenses. These are plainly different offenses under the Blockburger test. Multiple counts are justified when a crime is committed on more than one occasion. Claim 6 should be denied.

Although Galpin does not say what statute "does not apply" in his case, his filings in state court suggest that he means he should not have been designated a persistent felony offender. See

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

Galpin II, 138 P.3d ¶ 13.  Whether the elements of the statute were met or not, the Montana Supreme Court decided that it was reasonable for counsel not to object to the statute's application, because the Sentence Review Division approved the sentence.  In other words, it was reasonable for counsel to believe that Galpin would have received the same sentence, regardless of whether he was sentenced as a persistent felony offender.  If the claim is framed as a matter of ineffective assistance, that determination is not objectively unreasonable.  If the claim addressed outside the frame of ineffective assistance, Galpin cannot show a federal right not to be sentenced as a persistent felony offender under state law.  Federal habeas relief is not available for violations of state law.  Claim 7 should be denied.

Again, Galpin does not say what he means by "multiple crimes" or a "lesser included offense."  However, it is clear that the evidence was sufficient to support each of Galpin's convictions.  See Galpin I, 80 P.3d ¶¶ 8-14, 27-28, 37-39, 47-48.  Where the evidence is sufficient to support a conviction for a greater offense, there is no right, federal or otherwise, to be convicted of a lesser one.  To whatever extent Galpin attempts to allege a violation of state law, again, federal habeas relief is not available for violations of state law.  Claim 8 should be denied.

### D. Ineffective Assistance Claims

Galpin also avers that he received ineffective assistance of counsel because his attorney "failed to ask for a dismissal of numerous charges" (Claim 4).  Id. at 6, ¶ 15D.  Galpin has not identified any charge that could have been dismissed and was not.  Nor has he identified any "fundamental constitutional violations."  Pet. at 6, ¶ 15D.  Claim 4 should be denied.

### E. Conclusion

To the extent Galpin presented his federal claims to the Montana Supreme Court, its rejection of them was not objectively unreasonable. On the contrary, it was correct. To the extent Galpin raises claims in his federal petition that were not addressed by the Montana Supreme Court, those claims are clearly lacking in merit. The petition should be denied.

## V. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

The COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. Id.

**B. Discussion**

Some of Galpin's claims are likely procedurally defaulted and barred. Regardless, it is clear that each of his eight claims lacks merit. His search-related claims (Claims 2, 3, and 5) are barred by Stone v. Powell. Neither his claim of improper venue (Claim 1), his "lesser included offense" claim (Claim 8), nor his claim that he was charged under a "statute that did not apply" (Claim 7) alleges violation of a federal right. Double jeopardy (Claim 6) is not implicated. In no respect has he shown that he received ineffective assistance of counsel (Claim 4). He has not made a showing with any substance to it that he was deprived of a constitutional right. A COA should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Galpin's Petition (doc. 1) should be DISMISSED WITH PREJUDICE on the merits. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Galpin may file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Galpin must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his remaining claims.

DATED this <u>9th</u> day of April, 2008.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11